IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTEN PIERSON | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:16-cv-1518 |
| | § | JURY TRIAL DEMAND |
| BUZZ567 OF BELLAIRE, LLC | § | |
| BUZZ567 OF KATY, LLC | § | |
| BUZZ567 OF PEARLAND, LLC | § | |
| BUZZ567 OF WELLESLEY, LLC | § | |
| | § | |
| *Defendants.* | § | |

# COMPLAINT

Plaintiff Kristen Pierson files this Complaint against Defendants Buzz567 of Bellaire, LLC a/k/a Roosters Men's Grooming Center of Bellaire ("Bellaire"), Buzz567 of Katy a/k/a Roosters Men's Grooming Center of Katy ("Katy"), Buzz567 of Pearland a/k/a Roosters Men's Grooming Center of Pearland ("Pearland"), and Buzz567 of Wellesley, LLC f/k/a Rooster's MGC Wellesley, LLC ("Wellesley") (collectively, "Defendants") and alleges as follows:

## PARTIES

1.   Plaintiff Kristen Pierson, Inc. is an independent professional photographer based in the State of Rhode Island. Her business address is 1550 Nooseneck Hill Road, #97, Coventry, Rhode Island, 02816.

2.     Defendant Buzz567 of Bellaire, LLC is a barbershop in Bellaire, Texas, and may be served with process via its registered agent John Santanella, located at 4001 Bellaire Boulevard, Suite F, Houston, Texas 77025.

3.     Defendant Buzz567 of Katy, LLC is a barbershop in Katy, Texas, and may be served with process via its registered agent John Santanella, located at 23701 Cinco Ranch Boulevard, Suite 110, Katy, Texas 77494.

4.     Defendant Buzz567 of Pearland, LLC is a barbershop in Pearland, Texas, and may be served with process via its registered agent John Santanella, located at 2810 Business Center Drive, Suite 106, Pearland, Texas 77584.

5.     Defendant Buzz567 of Wellesley, LLC is a barbershop in Wellesley, Massachusetts, and may be served with process via its registered agent Incorp Services, Inc., located at 44 School Street, Suite 325, Boston, Massachusetts 02108.

## JURISDICTION AND VENUE

6.     This is an action for copyright infringement in violation of the Copyright Act (17 U.S.C. § 501 *et seq.*) and breach of contract.

7.     This court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

8.     Venue in this action lies within this Court pursuant to 28 U.S.C. §§ 1391 and 1391(b) because all or part of the events, acts or omissions giving rise to the claims, including acts of infringement, occurred in this judicial district in which Defendants are subject to personal jurisdiction.

## BACKGROUND

9. Ms. Pierson is an independent professional photographer based in Rhode Island. Around July of 2012, Ms. Pierson agreed to take photos for Defendant Wellesley. Ms. Pierson and Defendant Wellesley entered into the contract attached as Exhibit A.

10. Under the terms of the July 2012 Contract, Ms. Pierson provided Defendant Wellesley with copies of photographs she took, but retained the copyrights to her works. *Id.* at 2. In addition to providing copies, Ms. Pierson granted Defendant Wellesley a limited license to reproduce, publish, and copy her works subject to the terms of the July 2012 Contract. *Id.* at 3. Ms. Pierson did not grant Defendant Wellesley the right to license or assign any of its rights to her works to any third party or entity. *Id.*

11. Ms. Pierson is the author and owner of the copyright in her photographs. After taking the photographs for Defendant Wellesley, Ms. Pierson registered the photographs with the United States Copyright Office. Exhibit B (including the photographs in line items "John S. Portraits 16 images published 7-2-2012" and "Rooster's Salon 41 images published 7-2-2012"). The federal registration rights and common law rights in these original works are collectively referred to hereafter as the "Copyrighted Works."

12. Ms. Pierson's copyright registrations to the Copyrighted Works are currently valid, subsisting, and in full force and effect.

13. Ms. Pierson has taken appropriate measures to protect its copyrights and place the public on notice thereof.

## GENERAL ALLEGATIONS

14. Upon information and belief, on April 17, 2013, Elizabeth Pavlica, Director of Media/Social Media for Regis Corporation, contacted John Santanella, owner of Defendant Wellesley, requesting permission to use one of Ms. Pierson's Copyrighted Works. Exhibit C.

15. Upon information and belief, Mr. Santanella gave Regis Corporation permission to use the photo without obtaining Ms. Pierson's authorization. *Id.*

16. Upon information and belief, Mr. Santanella did not inform Regis Corporation that Ms. Pierson was the author and owner of the Copyrighted Works.

17. Upon information and belief, Regis Corporation posted at least one of Ms. Pierson's Copyrighted Works on Facebook. Exhibit D.

18. Upon information and belief, in October 2013, Ms. Pierson, through her counsel Evan Anderson, contacted Regis Corporation regarding its unauthorized use of her Copyrighted Works. Regis Corporation responded stating that Mr. Santanella had given Regis Corporation authorization to use the Copyrighted Work at issue. Exhibit C.

19. Upon information and belief, Ms. Pierson and Regis Corporation engaged in negotiations to license certain Copyrighted Works, but ultimately those negotiations failed.

20. Upon information and belief, and in violation of the July 2012 Contract and the Copyright Act, Defendant Wellesley gave Defendants Bellaire, Katy, and Pearland (collectively, the "Unlicensed Barbershops") permission to use Ms. Pierson's Copyrighted Works without Ms. Pierson's permission.

21. Upon information and belief, each of the Unlicensed Barbershops posted unauthorized copies of and/or derivative works of Ms. Pierson's Copyrighted Works on their respective Facebook pages and in printed advertising such as brochures, postcards, and referral cards. Exhibit E. None of these attributed Ms. Pierson as the author. *Id.* Further, at least Defendant Pearland's referral cards appear to attribute Regis Corporation as the copyright owner of some of Ms. Pierson's Copyrighted Works. *Id.*

22. On December 4, 2015, Ms. Pierson, through the undersigned counsel, contacted each of the Unlicensed Barbershops and demanded they cease their unauthorized use of Ms. Pierson's Copyrighted Works.

23. Thereafter, Ms. Pierson and her counsel were contacted by Mr. Santanella, who claimed to own the Unlicensed Barbershops and asserted that they could use the Copyrighted Works.

24. Mr. Santanella was advised that the license to Defendant Wellesley did not permit further licensing of the Copyrighted Works. Mr. Santanella was also advised that the usage of the Copyrighted Works was occurring without attribution to Ms. Pierson, even though attribution is required by the July 2012 Contract.

25. Ms. Pierson, through the undersigned counsel, has attempted to resolve this dispute with Defendants, but Defendants have stopped responding to communications.

26. Because Defendants have refused to enter into any discussions in an effort to resolve this dispute, Ms. Pierson asserts the following causes:

## COUNT ONE (ALL DEFENDANTS)
### COPYRIGHT INFRINGEMENT UNDER THE COPYRIGHT ACT
### (17 U.S.C. § 501 *ET SEQ.*)

27. Ms. Pierson alleges and hereby incorporates by reference each and every allegation made in the foregoing paragraphs of this Complaint as if each were separately set forth herein.

28. Ms. Pierson is the sole owner of all right, title and interest to the Copyrighted Works and of all corresponding copyrights and Certificates of Registration.

29. The Copyrighted Works consist of material original to Ms. Pierson and each is copyrightable subject matter.

30. All Defendants had access to and reproduced, distributed, adapted, and/or publicly displayed copies of Ms. Pierson's Copyrighted Works for financial gain and in violation of Ms. Pierson's copyrights.

31. Defendants have copied, distributed, reproduced, adapted, publicly displayed, and otherwise exploited Ms. Pierson's Copyrighted Works without the consent or authority of Ms. Pierson, thereby directly infringing the Copyrighted Works.

32. Defendants' conduct constitutes infringement of the Copyrighted Works and exclusive rights under copyright in violation of 17 U.S.C. § 501 *et seq.*

33. The infringement of the copyrights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

34. The acts of infringement by all Defendants have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of Ms. Pierson.

35. As a direct and proximate result of the Defendants' actions, Ms. Pierson has suffered damages for which Ms. Pierson now sues.

36. Pursuant to 17 U.S.C. § 504(b), Ms. Pierson is entitled to recover damages and all profits Defendants have made as a result of their wrongful conduct.

37. Alternatively, pursuant to 17 U.S.C. § 504(c), Ms. Pierson is entitled to statutory damages between $750 and $30,000 per Defendant per infringed work, and up to $150,000 per Defendant per infringed work as a result of Defendants' willful and intentional conduct.

38. Pursuant to 17 U.S.C. § 505, Ms. Pierson requests an award of her full attorney fees and costs.

**COUNT TWO (DEFENDANT WELLESLEY)**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 501 *ET SEQ.*)**

39. Ms. Pierson alleges and hereby incorporates by reference each and every allegation made in the foregoing paragraphs of this Complaint as if each were separately set forth herein.

40. The Unlicensed Barbershops discussed above all independently and directly infringed Ms. Pierson's Copyrighted Works.

41. Defendant Wellesley induced, caused, and materially contributed to the infringing acts of the Unlicensed Barbershops by encouraging, inducing, allowing, and/or assisting each to reproduce and/or distribute Ms. Pierson's Copyrighted Works.

42. Defendant Wellesley had knowledge of the infringing acts relating to Ms. Pierson's Copyrighted Works.

43. The acts and conduct of Defendant Wellesley, as alleged above in this Complaint, constitute contributory copyright infringement.

44. The acts of infringement by Defendant Wellesley have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of Ms. Pierson.

45. As a direct and proximate result of the Defendant Wellesley's actions, Ms. Pierson has suffered damages for which Ms. Pierson now sues.

46. Pursuant to 17 U.S.C. § 504(b), Ms. Pierson is entitled to recover her actual damages and all profits Defendant Wellesley has made as a result of its wrongful conduct.

47. Alternatively, pursuant to 17 U.S.C. § 504(c), Ms. Pierson is entitled to statutory damages between $750 and $30,000 per infringed work, and up to $150,000 per infringed work as a result of Defendant Wellesley's willful and intentional conduct.

48. Pursuant to 17 U.S.C. § 505, Ms. Pierson requests an award of her full attorney fees and costs.

### COUNT THREE (DEFENDANT WELLESLEY)
#### BREACH OF CONTRACT

49. Ms. Pierson alleges and hereby incorporates by reference each and every allegation made in the foregoing paragraphs of this Complaint as if each were separately set forth herein.

50. The July 2012 Contract (Exhibit A) represents a contractual commitment between Ms. Pierson and Defendant Wellesley.

51. Ms. Pierson performed as she had promised under the July 2012 Contract.

52. Defendant Wellesley breached the July 2012 Contract, including by giving Regis Corporation and the Unlicensed Barbershops permission to use Ms. Pierson's Copyrighted Works without Ms. Pierson's authorization.

53. Additionally, Defendant Wellesley breached the July 2012 Contract by failing to attribute Ms. Pierson as the author of the Copyrighted Works.

54. Further, as shown in Exhibit E, the Unlicensed Barbershops used the Copyrighted Works without attribution to Ms. Pierson. In fact, at least Defendant Pearland's referral cards reference Regis Corporation, falsely implying that Regis Corporation was the owner of the Copyright Works.

55. As a result of Defendant Wellesley's breach of the July 2012 Contract as described above, Ms. Pierson sustained economic injury including direct and consequential damages, and is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

**APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION**

56. Ms. Pierson alleges and hereby incorporates by reference each and every allegation made in the foregoing paragraphs of this Complaint as if each were separately set forth herein.

57. Upon information and belief, Defendant, unless enjoined, will continue to infringe Ms. Pierson's Copyrighted Works as described in this Complaint. All of these acts violate the Copyright Act. As outlined above, Ms. Pierson has made efforts to curb Defendant's infringing activity; however, Defendant continues to infringe Ms. Pierson's copyrights.

58. These actions entitle Ms. Pierson to a preliminary injunction and, upon hearing, permanent injunction enjoining Defendant and its officers, agents, servants, employees, users, and attorneys, and all those persons in active concert or in participation with them from:

    (i)       Any unauthorized use of the Copyrighted Works, including reproducing, distributing, adapting, and/or publicly displaying the Copyrighted Works in an unauthorized manner; and

    (ii)      Otherwise infringing any of Ms. Pierson's rights.

59. For these actions, there is no adequate remedy at law. Further, Ms. Pierson is substantially likely to prevail on the merits of these claims. The injury to Ms. Pierson greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of hardships tips strongly in favor of Ms. Pierson. Finally, the injunction will not disserve the public interest. Therefore, Ms. Pierson is entitled to preliminary and permanent injunctive relief against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kristen Pierson prays that Defendants Buzz567 of Bellaire, LLC, Buzz567 of Katy, LLC, Buzz567 of Pearland, LLC, and Buzz567 of Wellesley, LLC, be cited to appear and answer and that after a hearing, the Court grant the following relief:

1. Order the impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) of all infringing copies of the Copyrighted Works;

2. In accordance with 17 U.S.C. § 502, issue a preliminary and permanent injunction enjoining Defendant and its officers, agents, servants, employees, users, if any, and attorneys, and all those persons in active concert or participation with Defendant from the acts described in this Complaint;

3. Order each Defendant to provide an accounting of all financial gain related to each Defendant's infringement of the Copyrighted Works in accordance with 17 U.S.C. § 504(b);

4. Enter judgment Defendants for Ms. Pierson's actual damages and each Defendant's profits under the Copyright Act (17 U.S.C. § 504(b)), or alternatively, for statutory damages under § 504(c) for each Defendant;

5. Award Ms. Pierson her full costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

6. Enter judgment against Defendant Wellesley for damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements, for Defendant Wellesley's breach of contract;

7. Replevy of Ms. Pierson's property as described above;

8. Pre-judgment and post-judgment interest as provided by law;

9. Exemplary damages; and

10. Such other and further relief at law or in equity as Ms. Pierson may be justly entitled.

## DEMAND FOR TRIAL BY JURY

Ms. Pierson demands a trial by jury on its claims alleged against Defendant.

Dated: May 31, 2016

Respectfully submitted,

*/s/ Aaron Davidson*
Aaron Davidson
Texas Bar No. 24007080
aaron.davidson@klemchuk.com
KLEMCHUK LLP
8150 N. Central Expressway
10th Floor
Dallas, Texas 75206
Tel: 214-367-6000
Fax: 214-367-6001

**ATTORNEY FOR PLAINTIFF**
**KRISTEN PIERSON**